1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

STEVEN ROETTKER,

Case No.: 24-cv-343-RSH-AHG

12

Plaintiff,

**ORDER DENYING PLAINTIFF'S**

13

v.

**MOTION TO SUPPLEMENT**
**ADMINISTRATIVE RECORD**

14

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

15

[ECF No. 24]

16

Defendant.

17

18

19

Pending before the Court is plaintiff Steven Roettker's motion to supplement the

20

administrative record. ECF No. 24. The motion has been fully briefed. ECF Nos. 25, 26.

21

For the reasons stated below, the Court denies the motion.

22

**I.      BACKGROUND**

23

Plaintiff is a participant in an employee benefit plan, regulated by the Employee

24

Retirement Income Security Act of 1974 ("ERISA"), that was sponsored by his former

25

employer. ECF No. 1 ¶¶ 4, 5. The plan provided disability benefits through a group

26

insurance company issued by defendant Unum Life Insurance Company of America. *Id.* ¶

27

7. Defendant is also the claims administrator under the plan. *Id.* ¶ 14.

28

Plaintiff brings this lawsuit for disability benefits, after Defendant terminated his

1  benefits and, on November 15, 2023, denied his administrative appeal. *Id.* ¶ 21.

2    On June 3, 2024, Defendant filed the administrative record. ECF No. 15. In

3  Plaintiff's motion, he seeks to supplement that record with five additional exhibits, attached

4  the motion as Exhibits 1 through 5. The Parties have not yet filed their respective motions

5  for judgment.

6  ## II. LEGAL STANDARD

7    "Judicial review of an ERISA plan administrator's decision on the merits is limited

8  to the administrative record." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 632

9  (9th Cir. 2009). "In the ERISA context, the 'administrative record' consists of 'the papers

10  the insurer had when it denied the claim.'" *Id.* at 632 n.4 (quoting *Kearney v. Standard Ins.*

11  *Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999)).

12    Extrinsic evidence, or evidence beyond what was before the administrator, can be

13  considered "only under certain limited circumstances," namely, "*only* when circumstances

14  *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo

15  review of the benefit decision." *Opeta v. Nw. Airlines Pension Plan for Cont. Emps.*, 484

16  F.3d 1211, 1217 (9th Cir. 2007) (citations and quotation marks omitted). The Ninth Circuit

17  has provided a "non-exhaustive list of exceptional circumstances where introduction of

18  evidence beyond the administrative record could be considered necessary." *Id.* The list

19  includes:

20     claims that require consideration of complex medical questions or
21  issues regarding the credibility of medical experts; the availability of
   very limited administrative review procedures with little or no
22  evidentiary record; the necessity of evidence regarding interpretation of
   the terms of the plan rather than specific historical facts; instances
23  where the payor and the administrator are the same entity and the court
24  is concerned about impartiality; claims which would have been
   insurance contract claims prior to ERISA; and circumstances in which
25  there is additional evidence that the claimant could not have presented
26  in the administrative process.

27  *Id.* at 1217 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir.

28

1   1993) (en banc)). "[A] district court should not take additional evidence merely because

2   someone at a later time comes up with new evidence that was not presented to the plan

3   administrator." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d

4   938, 944 (9th Cir. 1995).

5        The party seeking to supplement the record bears the burden of establishing why the

6   district court should exercise its discretion to admit that particular evidence. *See Steiner v.*

7   *Hartford Life and Acc. Ins.*, No. C 03-3160, 2004 WL 2271599, at *4 (N.D. Cal. June 4,

8   2004).

9   **III.   ANALYSIS**

10       **A.   The Administrative Record**

11       As an initial matter, the Parties dispute whether two of the five exhibits at issue were

12   in fact before the plan administrator when it denied Plaintiff's claim. Plaintiff contends that

13   these two exhibits were documents submitted to or relied upon by the plan administrator

14   and therefore *should have been included* by Defendant in the administrative record it filed

15   with the court, rather than being treated as extrinsic evidence.

16       Exhibit 2 is a one-page exhibit styled as "Addendum 1" to the "Functional Capacity

17   Evaluation Report" and dated July 27, 2023. ECF No. 24-3. Plaintiff asserts he that

18   provided this page to Defendant along with the Functional Capacity Report with his

19   administrative appeal, and assumes that the omission of this page from the administrative

20   record filed by Defendant is "a clerical error on UNUM's part." ECF No. 24 at 2.

21       Exhibit 3 consists of four pages on letterhead of the Economic Research Institute

22   describing occupational classifications for the job of systems engineer. ECF No. 24-4.

23   Plaintiff asserts that these are "records relied upon by UNUM in defining Plaintiff's 'usual

24   occupation.'" ECF No. 24 at 2, 3.

25       Defendant appears to dispute Plaintiff's factual assertions about these documents,

26   and describes those assertions as unsupported.  ECF No. 25 at 4-5. Indeed, Plaintiff has not

27   supported the factual assertions above with a declaration or other evidence that allows the

28   Court to conclude that Exhibit 2 was in fact submitted by Plaintiff to Defendant in the

course of Plaintiff's administrative appeal, or that Exhibit 3 was in fact relied upon by the plan administrator in denying that appeal. The Court therefore declines to treat either document as having been part of the administrative record.

### B.    Extrinsic Evidence

The other documents at issue are: Exhibit 1, a letter and attachment from Plaintiff's counsel dated February 8, 2024; Exhibit 4, a single page from Defendant's Claims Manual; and Exhibit 5, a settlement agreement between the California Department of Insurance and Defendant from 2005.[1] Plaintiff does not appear to dispute that, for each of these documents, he could have submitted the relevant information during the administrative appeals process, but did not do so. Plaintiff does not explain why he did not provide the relevant information at that stage.[2]

Plaintiff argues that his request falls within several of the "exceptional circumstances" in which extrinsic evidence should be considered: "First, this claim would have been an insurance contract claim prior to ERISA. Second, this claim involves complex medical questions. Finally, the payor and the administrator are the same entity and there are serious concerns about UNUM's impartiality." ECF No. 24 at 4. Plaintiff elaborates on Defendant's impartiality by alleging that the plan administrator relied on records of the Economic Research Institute that Defendant "withh[e]ld … during the administrative process." *Id.* at 4-5. However, as discussed above, Plaintiff has not established that Defendant relied on the records in Exhibit 3. Nor has he established that they were

---

[1]    None of the five documents is authenticated, beyond an attorney declaration stating in cursory terms that they are "true and accurate copies" of: (1) "Plaintiff's counsel's letter dated February 8, 2024, and the attachment statement of Plaintiff," (2) "Matheson Functional Pain Scale," (3) "eDot records produced in discovery," (4) "UNUM's Claims Manual," and (5) "The California Settlement Agreement." ECF No. 24-1 at 1-2.

[2]    Exhibit 1, the letter from Plaintiff's counsel, is dated after Plaintiff's administrative appeal was denied, but Plaintiff does not argue that he could not have provided the information contained in or attached to the letter in connection with his administrative appeal.

24-cv-343-RSH-AHG

1  improperly withheld or produced in an untimely manner.

2      The Court does not believe that the fact that Plaintiff's claim would have been an

3  insurance contract claim prior to ERISA, or that the payor and the administrator are the

4  same entity, rise to the level of establishing "exceptional circumstances" here. They are not

5  exceptional. *See Nguyen v. Sun Life Assur. Co.*, No. 3:14-cv-5295, 2015 WL 6459689, at

6  *6 (N.D. Cal. Oct. 27, 2015) ("Defendants in ERISA cases have often served as both plan

7  administrator and plan funder. The situation appears to be common. That a defendant acted

8  as both administrator and payer thus cannot qualify, on its own, as an 'exceptional

9  circumstance' under Opeta's 'restrictive' rule."). The Court concludes, instead, that

10  Plaintiff's request to supplement is his effort, after reflecting upon the denial of his

11  administrative appeal, to produce "new evidence that was not presented to the plan

12  administrator." *See Mongeluzo*, 46 F.3d at 944. Plaintiff has not established "exceptional

13  circumstances" warranting introduction of evidence beyond the administrative record.

14  **IV.   CONCLUSION**

15      For the foregoing reasons, Plaintiff's motion is **DENIED**.

16      **IT IS SO ORDERED.**

17  Dated: December 5, 2024

18  _____

19  Hon. Robert S. Huie
United States District Judge

20

21

22

23

24

25

26

27

28